## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **CARLUIS D. MAETHIS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 9500 |
| | ) |
| **OFFICER ADAM STAPLETON #283**, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

28 U.S.C. § 1915 ("Section 1915"), the federal statute dealing with proceedings in forma pauperis ("IFP"), treats with situations in which a prospective plaintiff asks to be excused from the obligation to pay the filing fee because of not having enough money to do so when suit is filed. Congress has established a special rule for plaintiffs in that category who are prisoners (whether in custody under state law or federal law), under which the prisoner plaintiff may proceed with his or her lawsuit without paying the filing fee up front, but must do so with a partial payment up front and payments thereafter under an installment plan (Section 1915(b)). And to carry out that provision, the prisoner must accompany his or her complaint with a trust fund account statement for the six-month period immediately before the filing of the complaint, "obtained from the appropriate official of each prison at which the prisoner is or was confined" (Section 1915(a)(2)).

Because the trust fund account statement has to accompany the complaint, the delay between (1) the last date at the end of the statement and (2) the date when the plaintiff's complaint and other documents are received in the Clerk's Office necessarily leaves a gap -- sometimes a substantial one -- between dates (1) and (2). And that requires further trust fund

information to bridge that gap, so that the District Judge can carry out his or her responsibility of calculating the installment payment arrangements under Section 1915(b). And for that purpose this District Court's staff attorneys responsible for processing prisoner litigation, or the law clerks for the judges assigned to prisoner cases, request and invariably get the cooperation of the trust fund officer at the custodial institution in furnishing that added information.

"Invariably," that is, until now. When the staff attorney responsible for this action called the Will County Jail to request a supplemental account statement for the period from August 30 to October 4, what he encountered was what he describes as a response by "an extremely unpleasant trust fund officer" who said that a court order was needed before that information would be released. That bureaucratic response was truly thoughtless (in addition to the manner in which it is said to have been delivered) -- after all, the requested information is sent to this District Court's Clerk's Office, so that no transmittal to an unauthorized person is involved, and the need for the added information stems from the prisoner's own decision to bring a federal lawsuit, so that the prisoner is legally obligated to provide the information by his or her very act of filing that lawsuit.

In any event, this constitutes the court order that the officious official at the Will County Jail has insisted on, so that official must forthwith send the requested information to the Clerk's Office (indicating the case name and number of this action). And a copy of this memorandum order is also being transmitted to higher authority at the Will County Jail, in an effort to avoid any future repetition of the lack of courtesy exhibited here.

_____
Milton I. Shadur
Date: October 17, 2016    Senior United States District Judge