# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CARLUIS D. MAETHIS,                    )
                                       )
              Plaintiff,        )
                                       )
          v.                    )    Case No. 16 C 9500
                                       )
OFFICER ADAM STAPLETON #283,           )
et al.,                                )
                                       )
             Defendants.       )

## MEMORANDUM ORDER

When this action brought by pro se prisoner plaintiff Carluis Maethis ("Maethis") was initially assigned to this Court's calendar, it sought to pursue the threshold task imposed by 28 U.S.C. § 1915 ("Section 1915") to enable Maethis to enter the federal courthouse door (in the figurative sense, of course). That effort initially met with failure when the District Court staff attorney responsible for this action called the Will County Jail (where Maethis was in custody) to request a supplemental trust fund account statement covering the time missing within the Section-1915-designated six-month period that the section made relevant for this Court's determination as to Maethis' request for in forma pauperis treatment. That necessitated this Court's issuance of an October 17, 2016 memorandum order (the "Order") to require the delivery of the requested information.

That produced results, but this Court's concurrent desire to act on Maethis' contemporaneous Motion for Attorney Representation (the "Motion") caused a further delay because of Maethis' earlier-pending state court action and its impact on another federal court action by Maethis (the latter having been assigned to this Court's colleague Honorable Robert

Dow, Jr.).  Although the two federal cases dealt with different subject matters, it appeared that

their concurrent existence might have made it feasible (and more efficient) to have both of those

federal cases handled by the same member of this District Court's trial bar if Maethis qualified

for such representation.  But based on Judge Dow's most recent ruling in his case earlier this

month, it now appears that a further extended delay in resolution of the state court lawsuit makes

any such consolidated effort impractical, so that this memorandum order will act on both of

Maethis' pending motions.

First as to Maethis' In Forma Pauperis Application ("Application"), this Court's

calculation of the average deposits to Maethis' trust fund account at the Will County Jail for the

six-month period immediately preceding the presumptive September 30, 2016 "filing" date of

this action as prescribed by the Houston v. Lack, 487 U.S. 266 (1988) "mailbox rule" (see

Section 1915(a)(2) and (b)(1)(A)) came to $45.34, 20% of which (id.) is $9.07.  Accordingly

Maethis is assessed an initial partial filing fee of $9.07 plus 20% of the deposits to the account

between September 30, 2016 and the date of payment of the partial fee to the Clerk's Office, and

the Will County Jail trust fund officer is ordered to collect that amount from Maethis' trust fund

account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department.

After such payment the trust fund officer at Will County Jail (or at any other correctional

facility where Maethis may hereafter be confined) is authorized to collect monthly payments

from his trust fund account in an amount equal to 20% of the preceding month's income credited

to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Maethis' name and the 16 C 9500 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Will County Jail trust fund officer.

As for the Motion, it is exceedingly plain that the sprawling narrative in Maethis' self-prepared Complaint is totally at odds with the mandate of Fed. R. Civ. P. 8(a)(2) that calls for "a short and plain statement of the claim showing that the pleader is entitled to relief" -- a mandate that is consistent with the underlying federal concept of "notice pleading," rather than the "fact pleading" approach that prevails in Illinois and other state court systems. Because Maethis' Motion shows that he has satisfied the precondition that our Court of Appeals imposes before consideration can be given to obtaining designation of counsel to represent a prisoner plaintiff, this Court has obtained the name of this District Court's trial bar member to undertake that responsibility:

> Kevin Joseph Glenn. Esq.
> Foran Glennon Palandech Ponzi
>   & Rudloff P.C.
> 222 North LaSalle Street, Suite 1400
> Chicago, Illinois 60601
> Phone: 312-863-5008
> E-mail: kglenn@fgppr.com.

This action is set for an initial status hearing to be held at 9:15 a.m. March 29, 2017, which should allow the newly-designated counsel time (1) to communicate with Maethis about the case, including consideration of filing an amended complaint, (2) to arrange for service of process through the U.S. Marshals Service and (3) to attend the status hearing to discuss further proceedings in the action. In that last respect, if defense counsel has filed an appearance before

the status hearing date, attorney Glenn should make an effort to communicate with that counsel as well.

_____

Milton I. Shadur
Senior United States District Judge

Date:  February 27, 2017