# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CARLUIS D. MAETHIS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9500 |
| | ) | |
| **OFFICER ADAM STAPLETON #283**, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Promptly after prisoner plaintiff Carluis Maethis ("Maethis") utilized a Clerk's-Office-supplied form of ""Complaint Under the Civil Rights Act, Title 42 Section 1983" to target the City of Joliet and a substantial number of members of its Police Department with charges that they violated his constitutional rights so as to subject them to liability under 42 U.S.C. § 1983 ("Section 1983"), this Court sought to obtain from the Will County Jail (where Maethis was and is in custody) the added information as to Maethis' trust fund account there that would enable this Court to make the determination under 28 U.S.C. § 1915 ("Section 1915") that Congress has established for prisoner plaintiffs. When the trust fund officer at the Will County Jail was uncooperative in responding to that request, this Court issued an October 17, 2016 memorandum order to provide such information forthwith.

It took the uncooperative staff person at the Will County Jail fully a month to comply with that request (the information arrived at this District Court's Clerk's Office on November 18, 2016). Then some further delay was occasioned by the fact that Maethis' contemporaneous Motion for Attorney Representation necessitated this Court's inquiry into other litigation brought

by Maethis (both in the Illinois state court system and in a federal case assigned to this Court's colleague Honorable Robert Dow, Jr.) to see whether counsel who had been appointed to represent Maethis in the action before Judge Dow could also serve as his counsel in this case. When that possibility proved impractical because extended delays in the resolution of Maethis' state court lawsuit precluded any possibility of the consolidated handling of his two federal actions, this Court not only carried out its Section 1915 responsibilities but also obtained the designation of a member of the District Court trial bar -- Kevin Joseph Glenn, Esq. ("Glenn") -- to serve as Maethis' counsel in this case (see Dkt. No. 8, this Court's February 27, 2017 memorandum order).

Because of the sprawling narrative form of Maethis' Complaint ¶ IV Statement of Claim, this Court's expectation was that attorney Glenn, after making it his first order of business to meet with Maethis, would then develop a suitable Amended Complaint that complied with the federal system's regime of notice pleading rather than fact pleading. But what ensued as a result of the meeting between attorney Glenn and Maethis was described by Glenn in the attached transcript of the April 28, 2017 status hearing in the case (Dkt. No. 13), which is truly self-explanatory. As the transcript reflects, this Court granted attorney Glenn's request to withdraw without his having to file the civil case equivalent of an <u>Anders</u> brief.

It should be added that attorney Glenn is an experienced member (he was admitted to the Illinois bar in 1979) of a first-rate law firm engaged in the litigation practice, so that his statement cannot be discounted as the type of reaction that might perhaps be expected from a lawyer with limited experience. Under the District Court rules dealing with assignments of members of the trial bar to represent pro se plaintiffs, the designating court has the discretion either to appoint or not to appoint a replacement for a lawyer who has withdrawn from such

representation.  Under the circumstances described here, this Court exercises that discretion by not drafting another member of the trial bar to represent Maethis, so that he is free to proceed pro se.  This matter is set for a status hearing at 9 a.m. June 12, 2017, and the authorities at the Will County Jail (to whom a copy of this memorandum order is being transmitted) are ordered to make arrangements for Maethis to participate telephonically in that status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 26, 2017

```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3    CARLUIS D. MAETHIS,            )  No. 16 C 9500
                                     )
 4                    Plaintiff,     )  Chicago, Illinois
                                     )  April 28, 2017
 5                                   )  8:55 o'clock a.m.
      -vs-                           )
 6                                   )
                                     )
 7    OFFICER ADAM STAPLETON, et     )
      al.,                           )
 8                    Defendants.    )

 9            TRANSCRIPT OF PROCEEDINGS - STATUS
          BEFORE THE HONORABLE MILTON I. SHADUR
10
      APPEARANCES:
11
      For the Plaintiff:      FORAN GLENNON PALANDER PONZI
12                            & RUDLOFF PC
                              BY:  MR. KEVIN J. GLENN
13                            222 North LaSalle Street
                              Suite 1400
14                            Chicago, Illinois 60601

15

16

17

18

19

20

21

22

23    Court Reporter:         ROSEMARY SCARPELLI
                              219 South Dearborn Street
24                            Room 2304A
                              Chicago, Illinois  60604
25                            (312) 435-5815
```

1           THE CLERK:  16 C 9500, Maethis versus Stapleton.

2           MR. GLENN:  Good morning, your Honor, Kevin Glenn

3    on behalf of Mr. Maethis.  The last time I was here I told

4    you that I wanted to go out and actually interview

5    Mr. Maethis, and I needed your court order to do that.  That

6    has been accomplished.

7           Without waiving any of the privilege, Mr. Maethis

8    doesn't need a lawyer, he needs a psychiatrist.  He -- I

9    don't believe that there is a valid civil rights claim here.

10   What I sense is going on is a vendetta.  Mr. Maethis has

11   fired the Public Defender that represented him two years ago

12   for the -- on this breaking into an auto case and has sought

13   repeated continuances of his trial and has remained in jail

14   for over two years now because of his own conduct.

15          He wants to obtain the 911 call recording, and his

16   Public Defender refused to do that.  When I interviewed him

17   on Wednesday, that was at least half of our conversation.  I

18   am convinced what he is trying to do here is identify the

19   person who, as he put it, ratted him out so that in some

20   manner he can execute -- bad choice of words -- in some

21   manner he can go forward with his vendetta against this

22   person.

23          I tried to focus him on a civil rights claim and

24   find out what it was that he was complaining about.  It

25   essentially comes down to a conspiracy that he believes the

1    Judge, the Assistant States Attorney and the Public Defender

2    conspired against him because they were removing documents

3    from his court file.  A good portion of the conversation he

4    and I had was to the effect that how can I prove to him that

5    I am not part of the conspiracy.

6              I found nothing that supports his civil rights

7    claim.  Nothing.  He has some issues that would be brought up

8    in the defense of the criminal charge, but I don't believe

9    that they rise to what you and I would consider a civil

10   rights action.  So I am at a loss to what to do here.

11             THE COURT:  Well, I can tell you, if I may

12   interrupt at this point.  As you may know, in the criminal

13   law context when counsel are appointed, because everyone who

14   is a defendant in a criminal case is entitled to legal

15   representation -- that is not true in the civil case

16   context -- but what happens with some frequency is that the

17   lawyer who has been appointed files what is referred to as an

18   Anders brief that essentially sets out what the lawyer thinks

19   would be the best case that a person in the defendant's

20   position could advance but finds that there is no substance

21   in it and therefore asks leave to withdraw.

22             And frequently the court -- most frequently the

23   court, whether at the District Court level or the Court of

24   Appeals level, will grant that motion for withdrawal, because

25   the 13th Amendment has abolished slavery, and therefore rules

1    on the substance of the plaintiff's putative claim on the

2    basis of what the plaintiff has done.

3              Now having said that, I should also tell you that

4    as chance would have it I received at the beginning -- or

5    earlier this week, not at the very beginning -- it was

6    received in the Clerk's Office on April 24th, which is

7    Monday, a letter from Mr. Maethis in which he was complaining

8    about the fact that his legal mail was being delivered to him

9    by the Will County Adult Detention Facility as having been

10   "opened" on more than one occasion.

11             Their response has been, well, whatever document

12   was involved, although it may have been from a law firm,

13   didn't say "Legal Mail" on it and as a result they opened it

14   in accordance with standard procedure, but having seen there

15   was legal mail, it went forward to him opened but unread.

16             And so that is in a sense confirmatory of the

17   things that you have just advanced.  So if you --

18             MR. GLENN:  I saw that letter, your Honor.

19             THE COURT:  Pardon?

20             MR. GLENN:  I saw that very letter.  I have not

21   sent him anything in writing, so this did not pertain to my

22   role.

23             THE COURT:  Yes, I know that.  But --

24             MR. GLENN:  I saw that letter, yes.

25             THE COURT:  -- that goes to prior stuff.

1    So if you are then, having made your statement,

2  asking for relief from appointment, I am certainly prepared

3  to grant that.

4    MR. GLENN:  Would you prefer that I file the Anders

5  brief?  I have no problem doing that.

6    THE COURT:  No, it seems to me your oral recital is

7  sufficient for that purpose.  And what I will do, unless you

8  have a problem with it, would be to have Rosemary here print

9  out the transcript of your description and transmit it to

10  Mr. Maethis.

11    MR. GLENN:  I think that would be excellent.

12    THE COURT:  All right.  So are you moving for

13  withdrawal?

14    MR. GLENN:  Yes, sir.

15    THE COURT:  And I grant it.  And I certainly thank

16  you for your services in the matter.  And how I ultimately

17  will address Mr. Maethis' situation on the merits remains to

18  be my problem, not yours.

19    MR. GLENN:  Procedurally you have dismissed his

20  pending Complaint.

21    THE COURT:  Oh.

22    MR. GLENN:  And you wrote an opinion to that effect

23  and explained why.

24    THE COURT:  So it was --

25    MR. GLENN:  He does not have a pending Complaint at

1 | this point.

2 | THE COURT:  He does not have a pending Complaint.

3 | Then I will just leave it in the manner that I have just

4 | talked about.

5 | Thank you.

6 | MR. GLENN:  I would also like to make it quite

7 | clear to the Court that I am not doing anything here to shirk

8 | my responsibility as a member of the Trial Bar and fully

9 | expect that I will be returned to the hopper at the

10 | appropriate time.

11 | THE COURT:  I appreciate that.  And you have

12 | certainly performed in a manner that we would like to expect

13 | from members of the Trial Bar when we get the appointments.

14 | MR. GLENN:  Thank you.

15 | THE COURT:  Thank you.

16 | (Which were all the proceedings heard.)

17 | CERTIFICATE

18 | I certify that the foregoing is a correct transcript

19 | from the of record proceedings in the above-entitled matter.

20 |

21 | s/Rosemary Scarpelli/          Date:  April 28, 2017

22 |

23 |

24 |

25 |